UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mike Amendola,

    Plaintiff,

v.                                                                                                    Civil No. 08-6231 (JNE/RLE)
                                                                                                             ORDER

Mayo Foundation for Medical Education and
Research, d/b/a Mayo Medical Transport, a/k/a
Gold Cross Ambulance, and David B. Johnson,
individually,

    Defendants.

Roger Swor,

    Plaintiff,

v.                                                                                                    Civil No. 08-6232 (JNE/RLE)
                                                                                                           ORDER

Mayo Foundation for Medical Education and
Research, d/b/a Mayo Medical Transport, a/k/a
Gold Cross Ambulance, and David B. Johnson,
individually,

    Defendants.

      Mike Amendola and Roger Swor asserted retaliation claims under the Uniformed Services Employment and Reemployment Rights Act (USERRA) against their employer, Mayo Foundation for Medical Education and Research, d/b/a Mayo Medical Transport, a/k/a Gold Cross Ambulance (Gold Cross), and their supervisor, David B. Johnson. After the Court granted summary judgment in their favor, Gold Cross and Johnson submitted bills of costs. They sought $472.65 from Amendola and $180.60 from Swor for transcripts. Amendola and Swor did not object to the bills of costs. *See* D. Minn. LR 54.3(c)(2). The Clerk of Court entered cost judgments against Amendola and Swor in the amounts of $459.70 and $170.70, respectively. The cases are before the Court on Amendola's and Swor's motions for review of the cost

1

judgments.[1]  See D. Minn. LR 54.3(c)(4).  Neither Johnson nor Gold Cross responded to Amendola's and Swor's motions.

Amendola and Swor assert that the USERRA prohibits the taxation of costs against them. The USERRA provides that "[n]o fees or court costs may be charged or taxed against any person claiming rights under this chapter."  38 U.S.C. § 4323(h)(1) (2006); *see Davis v. Advocate Health Ctr. Patient Care Express*, 523 F.3d 681, 684-85 (7th Cir. 2008); *Jordan v. Jones*, 84 F.3d 729, 733 (5th Cir. 1996); 20 C.F.R. § 1002.310 (2009).  Amendola and Swor brought their claims under the USERRA.  Thus, costs for transcripts may not be taxed against them.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Amendola's Motion for Review of Clerk's Decision Regarding the Taxation of Costs against Plaintiff [Docket No. 57 in Civil No. 08-6231] is GRANTED.

2. Swor's Motion for Review of Clerk's Decision Regarding the Taxation of Costs against Plaintiff [Docket No. 57 in Civil No. 08-6232] is GRANTED.

3. The Cost Judgment against Amendola [Docket No. 55 in Civil No. 08-6231] is VACATED.

4. The Cost Judgment against Swor [Docket No. 55 in Civil No. 08-6232] is VACATED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  July 6, 2010

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

---

[1] Amendola and Swor served and filed their motions two days late.  *See* D. Minn. LR 54.3(c)(4).  The Court nevertheless exercises its discretion to consider their motions.  *Cf. Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1254-55 (11th Cir. 2007) ("We have held that it is fully within the discretion of the district court to decline to review an untimely objection to costs.").